IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-MJ-1021-RJ-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | <u>ORDER ON PROBABLE CAUSE</u> |
| ) | <u>AND DETENTION</u> |
| ) | |
| OSMAN SAMIR ALVARES-GUITY, ) | |
| a/k/a YELBIN ANTONIO DAVID-GUITY, ) | |
| a/k/a YELBIN DAVID, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court for a preliminary hearing regarding the criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending further proceedings. On January 25, 2017, the government charged Defendant in a criminal complaint with allegedly being in the United States after having previously been denied admission, excluded, deported and removed after having been convicted of a felony, and not having obtained the expressed consent to reapply for admission, in violation of 8 U.S.C. §§ 1326(a) & (b)(1). [DE-1].

At the hearing the government presented the testimony of HSI Special Agent Thomas B. Swivel. Defendant, represented by counsel, presented no evidence on probable cause. Defendant presented his girlfriend, Jessica Collins, to serve as a third-party custodian. The court has considered the hearing testimony and the pretrial services report, which was prepared by the Office of Pretrial Services and provided to the parties in advance of the hearing. The court finds that the credible and unchallenged information presented by Agent Swivel establishes probable cause to support the

charges of the criminal complaint.

Having considered the record pursuant to 18 U.S.C. § 3142(g), the law requires that Defendant be detained pending further proceedings based on the following principal findings and reasons: (1) the nature of the offenses charged and the strength of the government's case; (2) Defendant's criminal history, particularly the commission of an offense, similar in nature to the one charged in the complaint and Defendant's violation of supervised release conditions, and (3) other findings and reasons stated in open court. While the court has considered the testimony presented by the proposed third-party custodian, the court finds the risk of non-appearance outweighs such evidence.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshals for a court appearance.

So ordered, the 3rd day of February 2017.

Robert B. Jones, Jr.,
United States Magistrate Judge